UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TCF INVENTORY FINANCE, INC., | No. 2:17-cv-1768 JAM DB |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MARKER OIL COMPANY, INC. and BILLY LEON MARKER, JR., | |
| Defendants. | |

This matter came before the undersigned on November 17, 2017, pursuant to Local Rule 302(c)(19), for hearing of plaintiff's motion to vacate the Clerk's entry of default judgment and for entry default judgment by the court. (ECF No. 28.) On behalf of the plaintiff, attorney Jeffrey Brown appeared in person and attorney William Bay appeared telephonically. Defendant Billy Leon Marker, Jr., appeared in person on his own behalf. No appearance was made on behalf of Marker Oil Company, Inc. At that time oral argument was heard and the motion was taken under submission.

Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that plaintiff's motion be granted in part and denied in part as explained below.

////

BACKGROUND

Plaintiff commenced this action on August 23, 2017, by filing a complaint and paying the required filing fee. (ECF No. 1.) Therein, plaintiff alleges that on June 21, 2017, plaintiff and defendant Marker Oil Company, Inc., ("Marker Oil"), entered into an Inventory Security Agreement (the "Security Agreement"), whereby plaintiff agreed to provide financing for Marker Oil's inventory of RVs, ATVs, and watercraft. (Compl. (ECF No. 1) at 3.[1]) That same day plaintiff and defendant Billy Leon Marker, Jr., ("Billy Marker"), entered into a Guaranty, whereby defendant Billy Marker "unconditionally guaranteed the prompt and punctual payment of all obligations of" defendant Marker Oil to plaintiff. (Id. at 4.) Thereafter, defendants defaulted. (Id. at 4-7.) Based on these allegations, the complaint alleges causes of action for breach of contract, possession of collateral, and injunctive relief. (Id. at 7-12.)

On August 29, 2017, plaintiff filed proof of service. (ECF No. 13.) On September 1, 2017, the assigned District Judge granted plaintiff's motion for a temporary restraining order. (ECF No. 14.) On September 11, 2017, the assigned District Judge issued a preliminary injunction and an order for a writ of possession. (ECF Nos. 18 & 19.) On September 19, 2017, plaintiff filed a request for entry of default, and on September 20, 2017, the Clerk of the Court entered defendants' default. (ECF Nos. 21 & 22.)

On September 26, 2017, plaintiff filed a motion for default judgment. (ECF No. 23.) The Clerk of the Court entered default judgment on September 29, 2017. (ECF No. 25.) On October 5, 2017, plaintiff filed the pending motion seeking to vacate the Clerk's entry of default judgment and enter default judgment by the court. (ECF No. 26.) As noted above, at the November 17, 2017 hearing of plaintiff's motion, defendant Billy Marker appeared in person on his own behalf. (ECF No. 28.)

Accordingly, on November 27, 2017, the undersigned issued an order directing the parties to file supplemental briefing. (ECF No. 29.) Plaintiff filed its supplemental brief on December 15, 2017. (ECF No. 30.) On January 4, 2018, attorney Thomas Gifford appeared on behalf of

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

both defendant Billy Marker and defendant Marker Oil, and filed defendants' supplemental brief. (ECF No. 32.) Plaintiff filed a response on January 5, 2018. (ECF No. 33.) Defendants filed a further response on January 14, 2018. (ECF No. 34.) And plaintiff filed a sur-reply on January 18, 2018.[2] (ECF No. 35.)

ANALYSIS

I. Vacating the Clerk's Entry of Default Judgment

Plaintiff argues that the Clerk's entry of default judgment should be set aside because the judgment did not address all of the relief requested by plaintiff. (Pl.'s Mot. (ECF No. 26) at 2-3.) In this regard, although the Clerk's entry of default judgment awarded plaintiff $1,071,192.69 in principal, the judgment failed to address plaintiff's request for prejudgment interest, attorney's fees and expenses, surety bond cost, injunctive relief, and the award of inventory sought by plaintiff's motion for default judgment. (Id.)

Rule 55(b) of the Federal Rules of Civil Procedure provides that the "court . . . may set aside a final default judgment under Rule 60(b)." Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment," for reasons including mistake, inadvertence, where the judgment is void, and any other reason that justifies relief.

Here, the Clerk's September 29, 2017 default judgment should be vacated, as the Clerk may only enter default judgment "for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). As noted above, plaintiff's motion for default judgment sought more than monetary compensation. See GAG Enterprises, Inc. v. Rayford, 312 F.R.D. 230, 234 (D. D.C. 2015) ("the Clerk of the Court cannot enter a default judgment in this case because the Clerk does not have discretion to award attorneys' fees"); Western World Ins. Co., Inc. v. Czech, 275 F.R.D. 59, 62 (D. Mass. 2011) ("Because the Clerk erroneously entered the Default Judgment which could only have been entered in this action by the Court pursuant to Fed. R. Civ. P. 55(b)(2), the Court will vacate and void the Default Judgment pursuant to Fed. R. Civ.

---

[2] On March 6, 2018, plaintiff filed a motion for contempt. (ECF No. 38.) The parties have briefed that motion and the matter is set for hearing before the assigned District Judge on April 6, 2018. (ECF Nos. 38-45.)

3

P. 60(b)."); Northland Ins. Co. v. Cailu Title Corp., 204 F.R.D. 327, 329 (W.D. Mich. 2000) ("This is an action for declaratory relief; no sum certain has been requested. Under the circumstances, Northland's request that the Clerk enter a default judgment in any form may not be granted."); Combs v. Coal & Mineral Management Services, Inc., 105 F.R.D. 472, 474 (D. D.C. 1984) ("The original complaint in this action, seeking injunctive and declaratory as well as monetary relief, was clearly outside the scope of the clerk's Rule 55 authority.").

Accordingly, plaintiff's motion to vacate the September 29, 2017 Clerk's entry of default judgment should be granted.

II.     Entry of Default Judgment by the Court

Plaintiff's motion argues that "[a]fter vacating the Clerk's default judgment, the Court should enter" default judgment against the defendants and grant plaintiff "all the relief that [plaintiff] previously requested in its motion for final default judgment." (Pl.'s Mot. (ECF No. 26) at 4.)

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v.

4

McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

However, as noted above, "[a] plaintiff does not receive default judgment as a matter of right; rather, a court has discretion as to whether it should be granted." U.S. v. Boyce, 148 F.Supp.2d 1069, 1093 (S.D. Cal. 2001). The "starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. As explained by the Fifth Circuit:

> Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal. Furthermore, federal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.

Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) (citations omitted).

Here, both defendants have now appeared, are proceeding through counsel, and have asserted that they "have a complete defense to this matter." (ECF No. 34. at 4.) In this regard, it appears that a decision of the merits of this action is reasonably possible. Moreover, a weighing of the Eitel factors, at this stage of the litigation, would seem to weigh in favor of denying a motion for default judgment.

In this regard, the possibility of prejudice to the plaintiff now seems minimal; especially given the injunctive relief plaintiff has already been granted. See Lacy, 227 F.3d at 293 ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping relief it obtained without a trial and by default. All that has been done is to give the defendants their day in court.").

The sum of money at stake in this action is considerable. Plaintiff's motion for default judgment seeks an award of $1,146,284.46.³ (ECF No. 26-2 at 2.) "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." Vogel v. Rite Aid Corp., 992 F.Supp.2d 998, 1012 (C.D. Cal. 2014). Moreover, defendants have asserted that there is a dispute concerning material facts, and there is a strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.⁴

Accordingly, the undersigned finds that, at this time, plaintiff's motion for entry of default judgment by the court should be denied without prejudice to renewal. In this regard, defendants should be ordered to file a motion seeking to set aside the September 20, 2017 Clerk's entry of default, (ECF No. 22), within fourteen days of an order adopting these findings and recommendations. If the assigned District Judge adopts these findings and recommendations and later denies defendants' motion to set aside the entry of default, if defendants fail to timely file a motion to set aside the entry of default, or if in the future defendants defaulted, plaintiff could re-notice a motion for default judgment for hearing before the undersigned.⁵

////

////

////

---

³ The undersigned's November 27, 2017 order directed plaintiff to address, in part, whether plaintiff had received any compensation from either defendant since filing the motion for default judgment, and whether plaintiff needed to file a new motion for default judgment reflecting any changed circumstances. (ECF No. 29 at 2.) Plaintiff's response to that order reflects that defendants made six payments to plaintiff since the filing of the motion for default judgment and, according to plaintiff's response, defendants then owed plaintiff only "$1,137.652.16." (ECF No. 30 at 2.) In this regard, the undersigned has some concerns as to whether the amount of damages sought by plaintiff's motion for default judgment is current and accurate. If the matter were to come back before the undersigned, the undersigned would require additional briefing to address the current accounting of plaintiff's damages.

⁴ Defendants have also presented argument that default was due to excusable neglect. (ECF No. 34 at 2-3.)

⁵ Although under the Local Rules motions for the entry of default judgment are referred to the assigned Magistrate Judge, motions to set aside the entry of default are not. See Local Rule 302(c).

6

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 5, 2017 motion to vacate the Clerk's entry of default judgment (ECF No. 26) be granted;

2. The September 29, 2017 default judgment be vacated;

3. Plaintiff's October 5, 2017 motion for default judgment by the Court (ECF No. 26) be denied without prejudice to renewal; and

4. Defendants be ordered to file a motion seeking to set aside the entry of default within fourteen days of an order adopting these findings and recommendations.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 5, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\tcf1768.mdj.f&rs