UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TCF INVENTORY FINANCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARKER OIL COMPANY, INC., AND BILLY LEON MARKER, JR., <br><br> Defendants. | No. 2:17-cv-1768-JAM-DB <br><br> **ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NONTAXABLE EXPENSES** |

Plaintiff TCF Inventory Finance, Inc., ("Plaintiff") seeks attorneys' fees and related nontaxable expenses pursuant to Federal Rule of Civil Procedure 54(d)(2).[1] Defendants Marker Oil Company, Inc., and Billy Leon Marker, Jr., did not oppose.

This litigation concerned Defendants' breach of an agreement between the parties—the Inventory Security Agreement—and resulted in a judgment for Plaintiff. As such, Plaintiff is the prevailing party. The Inventory Security Agreement contains express language requiring Marker Oil to pay reasonable attorneys' fees and legal expenses incurred by Plaintiff "in connection with establishing, perfecting, maintaining perfection

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 10, 2018.

1

of, protecting and enforcing its security interest in the Collateral and collecting indebtedness[.]" See Inventory Security Agreement, ECF No. 1-1, ¶ 20(c). The Guaranty provides that Mr. Marker agrees to pay "on demand all costs and expenses, including reasonable attorneys' fees, incurred by [Plaintiff] in enforcing this Guaranty." See Guaranty, ECF No. 1-4.

## I. ATTORNEYS' FEES

Plaintiff seeks $130,825.50 in attorneys' fees. Mot. at 2. This amount includes the $15,000 in fees the Court awarded to Plaintiff in the April 12, 2018, Order Granting Motion for Contempt. Mot. at n.1; Order, ECF No. 51. This amount does not include the additional $12,912.50 in attorneys' fees that Plaintiff sought but the Court denied. Mot. at n.1. Plaintiff's attorneys' fees motion and the accompanying affidavit of counsel substantially comport with Local Rule 293.

When evaluating requests for attorneys' fees, a court begins by calculating the lodestar amount, which involves multiplying the number of hours reasonably expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A court should exclude from this initial calculation any "excessive, redundant, or otherwise unnecessary" hours expended. See id. at 434. The following factors may counsel a court to adjust the lodestar amount:

> (1) the time and labor required; (2) the novelty and the difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances;

2

|   |   |
|---|---|
| 1 | (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. |
| 2 | |
| 3 | |
| 4 | |

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992).

Turning first to the requested rates, the Court finds the attorneys' rates reasonable. Although counsel did not produce evidence of commensurate rates in the Sacramento area—the community upon which the request must be based—the Court finds the requested rates of $365 to $385 per hour for partners match the prevailing rates in the region. See Monterrubio v. Best Buy Stores, L.P., 291 F.R.D. 443, 460 (E.D. Cal. 2013) ("As many cases in the Eastern District [] observe, 'prevailing hourly rates in the Eastern District of California are in the $400/hour range.'"). However, the Court finds the requested rates for paralegals to be too high. The prevailing rates in the Sacramento community are less than $100 per hour, often closer to $75 per hour. See Passport Health, Inc. v. Travel Med, Inc., No. 2:09-CV-01753-GEB, 2011 WL 6211874, at *2 (E.D. Cal. Dec. 14, 2011) (awarding $75 per hour for paralegals); Monterrubio v. Best Buy Stores, L.P., 291 F.R.D. 443, 461 (E.D. Cal. 2013) (awarding $75 per hour for a legal assistant and $95 per hour for a paralegal). Because counsel's declaration lacked any information concerning the paralegals' years of experience or expertise, the Court finds $75 per hour the appropriate rate. The award will be adjusted accordingly.

The Court further finds that the number of hours expended on this case was unreasonable. Four different partners devoted a total of 406.2 hours on this case. Bay Decl. ¶¶ 4-7. Although counsel indicates that each partner has different areas of expertise, it is not clear why it was necessary to utilize four partner level attorneys instead of delegating tasks to associate attorneys. The inefficiency in this structuring is reflected in the redundant invoice entries. The Court has carefully reviewed and examined every billing entry in the invoices provided in support of Plaintiff's request. See Bay Decl., Exh. A. Time billed for attorney services that were determined to be redundant (i.e. attorneys reviewing the same filings or revising the same documents multiple times) has been reduced accordingly. To ensure compensation is limited to only those hours reasonably expended, the hours and corresponding fee award are reduced as follows (changes underlined):

| Timekeeper | Hours Awarded (Hours Requested) | Billed/Hour | Bill Amount |
|---|---|---|---|
| **August 2017** | | | |
| Bay | 20.7 (21.8) | $365.00 | $7,555.50 |
| Brown | 8.5 (12.5) | $365.00 | $3,102.50 |
| Fink | 4.5 | $365.00 | $1,642.50 |
| Hockett | 22.2 (29.6) | $365.00 | $8,103.00 |
| Sachtleben | 6.6 (8.3) | $75.00 | $495.00 |
| Total | 62.5 (76.7) | -- | $20,898.50 |
| **September 2017** | | | |
| Bay | 19.7 (21.7) | $365.00 | $7190.50 |
| Brown | 5.5 (8) | $365.00 | $2007.50 |

4

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Fink | .7 | $365.00 | $255.50 |
| Hockett | 12.1 (14.8) | $365.00 | $4416.50 |
| Sachtleben | 7.8 (8.5) | $75.00 | $585.00 |
| Total | 45.8 (53.7) | -- | $14455.00 |
| **October 2017** | | | |
| Bay | 1.0 | $365.00 | $365.00 |
| Brown | 1.2 (3.8) | $365.00 | $438.00 |
| Fink | 1.3 | $365.00 | $474.50 |
| Hockett | 2.5 (3.8) | $365.00 | $912.50 |
| Sachtleben | .5 | $75.00 | $37.50 |
| Total | 6.5 (10.4) | -- | $2227.50 |
| **November 2017** | | | |
| Bay | 15.3 | $365.00 | $5584.50 |
| Brown | 12 (17) | $365.00 | $4380.00 |
| Hockett | .7 | $365.00 | $255.50 |
| Sachtleben | 0 (.2) | $75.00 | 0 |
| Total | 32.1 (33.2) | -- | $11716.50 |
| **December 2017** | | | |
| Bay | 4.9 (5.1) | $365.00 | $1788.50 |
| Brown | 5.6 (7.1) | $365.00 | $2044.00 |
| Fink | 0 (.2) | $365.00 | 0 |
| Hockett | 2.2 (3.6) | $365.00 | $803.00 |
| Huning | .6 | $75.00 | $45.00 |
| Sachtleben | 0 (.1) | $75.00 | 0 |
| Total | 13.3 (16.7) | -- | $4680.50 |
| **January 2018** | | | |
| Bay | 37.3 (39.2) | $365.00 | $13614.50 |

| | | | |
|---|---|---|---|
| Brown | 3.4 (3.8) | $365.00 | $1241.00 |
| Fink | 29.8 (30.8) | $365.00 | $10877.00 |
| Hockett | 2.2 (2.6) | $365.00 | $803.00 |
| Sachtleben | .4 (.5) | $75.00 | $30.00 |
| Total | 73.1 (76.9) | -- | $26565.50 |
| **February 2018** | | | |
| Bay | 10.2 | $365.00 | $3723.00 |
| Fink | 1.5 (2.2) | $365.00 | $547.50 |
| Hockett | 0 (.4) | $365.00 | 0 |
| Sachtleben | 0 (.1) | $75.00 | 0 |
| Total | 11.7 (12.9) | -- | $4270.50 |
| **March 2018** (less fees awarded/considered in Contempt Order) | | | |
| Bay | 4 (24.2) | $385.00 | $1540.00 |
| Brown | 0 (1.2) | $385.00 | 0 |
| Fink | 3.1 (26.6) | $385.00 | $1193.50 |
| Hockett | 0 (.1) | $385.00 | 0 |
| Sachtleben | 0 (.3) | $75.00 | 0 |
| Total | 7.1 (52.4) | -- | $2733.50 |
| **April 2018** (less fees awarded/considered in Contempt Order) | | | |
| Bay | 9.6 (41.9) | $385.00 | $3696.00 |
| Brown | 1.3 (13.2) | $385.00 | $500.50 |
| Fink | 27.2 (33.1) | $385.00 | $10472.00 |
| Hockett | .2 (.7) | $385.00 | $77.00 |
| Sachtleben | 0 (.5) | $75.00 | 0 |
| Total | 38.3 (89.4) | -- | $14745.50 |
| | | **Grand Total** | **$102,293.00** |

The Court finds Plaintiff is entitled to $102,293.00 in attorneys' fees. These fees are awarded in addition to the $15,000 in fees the Court previously awarded in connection with Plaintiff's motion for contempt. The Court further finds that none of the Kerr factors warrant an increase or decrease in this award.

## II. NONTAXABLE EXPENSES

Plaintiff also seeks $30,881.88 for related nontaxable expenses. These expenses include $299.70 for delivery service and mailing costs, $2113.46 for counsels' travel expenses, $10,000 for the premium for the surety bond that Plaintiff was required to post to obtain the prejudgment injunctive relief that the Court entered in September 2017, and $17,968.72 for 24-hour surveillance on Marker Oil until the temporary restraining order was entered. Mot. at ¶ 7; Bay Decl. at ¶ 20. As grounds for recovery of such costs, Plaintiff cites Section 20(c) of the Inventory Security Agreement, ECF No. 1-1, and the last sentence of the first paragraph of the Guaranty, ECF No. 1-4.

"Under the 'American rule,' litigants ordinarily are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise." Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 579 (9th Cir. 2010) (citation omitted). "When determining the applicability of an attorneys' fees provision in a contract, federal courts must apply state law." Monster Energy Co. v. Sainte Claire, No. ED CV 17-1111 PA (SKx), 2017 WL 8220421, at *1 (C.D. Cal. Oct. 13, 2017) (citing Resolution Trust Corp. v. Midwest Fed. Sav. Bank of Minot, 36 F.3d 785, 800 (9th Cir. 1993)). "California law

7

authorizes the recovery of attorneys' fees pursuant to contractual provisions." Monster Energy Co., 2017 WL 8220421, at *1 (C.D. Cal. Oct. 13, 2017).

The contract at issue in this action has an Illinois choice of law provision. See Inventory Security Agreement ¶ 16. It appears that Illinois courts, similarly, follow the American Rule and only award fees where explicitly provided by statute or agreement. See Helland v. Helland, 214 Ill. App. 3d 275, 277 (1991). "Contractual provisions for attorney fees must be strictly construed, and the court must determine the intention of the parties with respect to the payment of attorney fees." Id. at 277-78.

Plaintiff did not address how the choice of law provision affects the Court's analysis. Indeed, Plaintiff did not cite or discuss any legal authority to assist the Court in determining the scope of awardable attorneys' fees and nontaxable expenses. The Agreement's attorneys' fees and expenses provision is written to cover a broad range of expenses and is written to entitle Plaintiff (Lender) to all of its fees and expenses, but not Defendants (Dealer). See Inventory Security Agreement ¶ 20(c). Plaintiff has cited no authority supporting the validity of such a broad, one-sided provision.

Due to this deficiency the Court will award only those expenses regularly regarded as awardable attorneys' fees. For instance, attorneys' fees awards can include reimbursement for out-of-pocket expenses including travel, courier, and copying costs. See Grove, 606 F.3d at 580 (citing Davis v. City of San Francisco, 976 F.2d 1536, 1556 (9th Cir.1992), vacated in part on

other grounds, 984 F.2d 345). "[C]ourts have long held that certain non-taxable costs can be awarded as part of a reasonable attorneys' fee since they are typically charged to paying clients by private attorneys." Grove, 606 F.3d at 580 (quoting Davis, 976 F.2d at 1556). Accordingly, the Court grants Plaintiff's request for delivery service and mailing costs, travel expenses of counsel, and the premium for the surety bond, totaling $12,413.16. The Court denies Plaintiff's request for reimbursement of $17,968.72 for 24-hour surveillance because Plaintiff failed to provide sufficient legal support for the request and failed to show that this expense was reasonably undertaken.

### III. ORDER

For the reasons set forth above, the Court grants in part and denies in part Plaintiff's Motion for Attorneys' Fees and Taxable Costs and ORDERS Defendants to pay Plaintiff:

1. $102,293.00 in attorneys' fees, in addition to the $15,000 previously awarded, ECF No. 51; and
2. $12,413.16 in nontaxable expenses.

Dated: July 25, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE